

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

September 9, 1964

Dr. George Beto                          Opinion No. C-309
Director
Department of Corrections        Re: Whether the order of Crimin-
Huntsville, Texas                         al District Court No. 4 of
                                          Harris County crediting the
                                          sentence of an inmate of the
                                          Texas Department of Correc-
                                          tions under Article 768, C.
Dear Dr. Beto:                            C.P. is a valid order.

     Your letter of July 30, 1964, requesting an opinion
by this office reads:

> "In the Criminal District Court No. 4
> of Harris County, Texas, at the November
> 1963 Term, on November 18, 1963, in Cause
> No. 106979, Lawrence P. Schmideberg was
> convicted of the offense of theft and his
> punishment was assessed at three years. On
> the same day, he was sentenced for not less
> than two nor more than three years and gave
> notice of appeal, perfected his appeal, and
> appealed his case to the Court of Criminal
> Appeals. The Court of Criminal Appeals af-
> firmed the conviction and the date of the
> Mandate is May 1, 1964. On May 25, 1964,
> Schmideberg was received at the Texas Depart-
> ment of Corrections, on commitment papers is-
> sued in the above cause.

> "On June 17, 1964, we received certified
> copy of an order entered by Judge A. H.
> Krichamer on June 11, 1964, ordering that
> the above named Defendant be given credit
> on his sentence of the time from August 18,
> 1963, to May 1, 1964, for time spent in jail
> pending appeal.

> " . . . .

> "In view of the fact that Article 768 C.
> C.P. authorizes the Court to give the De-
> fendant credit for time spent in jail pending

appeal, and the fact that the inmate was received by the Texas Department of Corrections on May 25, 1964, is the order of Judge Krichamer under date June 11, 1964, a valid credit on the sentence of the inmate?"

The order of Judge A. H. Krichamer reads:

"On this the 11th day of June, A.D. 1964, it being called to the attention of the court that the defendant in the above styled cause was not given credit for the time he had remained in jail pending appeal herein to the Court of Criminal Appeals of the State of Texas, August 18, 1963, to May 1, 1964, which has been the intention of this Court:

"It is therefore ordered, adjudged, and decreed by the Court that the sentence in Cause 106979, The State of Texas vs. Lawrence P. Schmideberg, begin as of August 18, 1963.

"The Clerk is here ordered to attach this order to the original sentence and forward a certified copy to the authorities of the Texas Department of Corrections to be made a part of the commitment now in their hands."

Article 768 of Vernon's Code of Criminal Procedure reads:

"If a new trial is not granted, nor judgment arrested in felony cases, the sentence shall be pronounced in the presence of the defendant at any time after the expiration of the time allowed for making the motion for a new trial or the motion in arrest of judgment; provided that in all criminal cases the judge of the court in which defendant was convicted may, within his discretion, give the defendant credit on his sentence for the time, or any part thereof, which said defendant has spent in jail in said cause, from the time of his arrest and confinement until his sentence by the trail court; and provided further, that in all cases where the defendant has been tried for any violation of the laws of the State of Texas, and has been convicted and

has appealed from said judgment and/or sentence of conviction, and where said cause has been affirmed by the Court of Criminal Appeals, and after receipt of the mandate by the clerk of the trial court, the Judge is authorized to again call said defendant before him; and if, pending appeal, the defendant has not made bond or entered into recognizance and has remained in jail pending the time of such appeal, said trial Judge may then in his discretion re-sentence the defendant, and may subtract from the original sentence pronounced upon the defendant, the length of time the defendant has lain in jail pending such appeal; provided, however, that the provisions of this Act shall not apply after conviction and sentence in felony cases in which bond or recognizance is not permitted by law." (Emphasis added)

The Honorable Arnold H. Krichamer, Judge, Criminal District Court No. 4 of Harris County, Texas, had advised us by letter that it was the intent of the Judge to grant Defendant credit on his sentence for jail time pending trial and sentence from August 18, 1963, to November 18, 1963, and for jail time pending appeal from November 18, 1963, to May 1, 1964.

It is within the discretion of the trial judge in a proper case to:

(1) Give the defendant credit on his sentence for time spent in jail from the time of his arrest and confinement until his sentence, and further

(2) Subtract from the original sentence the time lain in jail pending appeal. The statute is specific in requiring the trial judge to "again call said defendant before him" and then "re-sentence the defendant" and at that time subtract from the original sentence time lain in jail pending appeal.

The Judge did not specifically follow the statute. However, he may do so at this late date.

Under Article 768 of Vernon's Code of Criminal Procedure, it is within the discretion of the trial judge to give the defendant credit on his sentence for the time spent in jail, both before and after trial. It is our opinion that if the

trial judge will recall the defendant before him and re-sentence him he may, in his discretion, provide therein that the defendant be given credit for time spent in jail.

### SUMMARY

The Order of Criminal District Court No. 4 of Harris County, Texas, crediting the sentence of an inmate of the Texas Department of Corrections under Article 768, C.C.P., is not a valid order. However, the judge may recall the defendant and re-sentence him and therein give the defendant credit on his sentence for the time he spent in jail.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By V. F. Taylor

V. F. Taylor
Assistant Attorney General

VFT/dt/br

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Robert Smith
Brady Coleman
Roy Johnson
Bill Allen

APPROVED FOR THE ATTORNEY GENERAL
By: Roger Tyler